THIS OPINION HAS NO PRECEDENTIAL VALUE. 
 IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS
 PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Paul M. Watkins, Appellant.
 
 
 

Appeal From
 Richland County
G. Thomas
 Cooper, Jr., Circuit Court Judge
Unpublished Opinion No. 2009-UP-402
Submitted April 1, 2009  Filed August 12, 2009
AFFIRMED

 
 
 
 John D. Delgado, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, Assistant Attorney General Michelle J. Parsons, Warren B.
 Giese, of Columbia, for Respondent.
 
 
 

PER CURIAM: In this criminal
 case from Richland County, Paul Watkins appeals his conviction for commission
 of a lewd act on a minor under the age of sixteen and two counts of
 contributing to the delinquency of a minor.  Specifically Watkins appeals; (1)
 the trial court's admission of a photograph depicting the victim and her friend
 posing in bikinis; and (2) the trial court's refusal to allow him to introduce evidence
 that the victim's brother had been convicted of sexual misconduct with a minor
 in Florida.  We affirm.[1]  
FACTS
On
 the night of August 27, 2004, the victim ("Victim") and her friend
 ("Friend") spent an evening at Watkins's home.  Victim and Friend,
 both age thirteen at the time, played pool, used the computer, and soaked in
 the hot tub, while Victim's mother, Watkins and Watkins's wife ("Wife")
 socialized.  Victim and Friend allege that Watkins poured them both a
 shot of "Fireball"[2] when they first arrived, which they drank.   Victim maintains that although
 Watkins spent much of his time socializing with the adults, he on two or three
 occasions again offered the girls more "Fireball," which they
 declined. 
Later
 that evening, Victim noticed that Friend was lying on the staircase "half
 asleep."  Tired herself, Victim also decided to lie down on the
 staircase.  Victim asserts that Watkins roused her and Friend, telling them
 they could sleep in the guest bedroom if they were tired.  Assenting,
 the girls moved to the guest room, closed the door, changed clothes, and went
 back to sleep. 
Victim
 alleges that she awoke to find Watkins standing over her, kissing her neck and
 cheek.  She testified he was whispering "[s]hhh [i]t's okay," while
 rubbing her body, buttocks, and vagina; and asking "does it feel
 good?"  Victim claims she attempted to end the assault by stating
 "goodnight Uncle Paul"[3] and rolling over.  Unsuccessful, she reached for her cell phone on the
 far nightstand, waking Friend in the process.  Not realizing what was
 happening, Friend got out of bed and walked toward the bathroom.  Victim
 followed her, hoping to enter the bathroom with her, however Friend had closed
 and locked the door behind her. Victim claims Watkins followed her to the
 bathroom door continuing to rub and fondle her body while she waited for Friend
 to come out of the bathroom. 
As
 soon as Friend emerged from the bathroom, Victim told her they needed to
 leave.  The girls immediately returned to Victim's home; however, without a key
 they had to rouse Victim's mother from a deep sleep by banging on her bedroom
 window. Victim told her mother and Friend what happened, and called her father,
 a member of the armed forces stationed in Tennessee. Neither Victim nor her
 mother called the police; however, the Victim's father, from Tennessee,
 contacted the authorities and had officers dispatched to Victim's home. 
Watkins
 and Wife maintain that the girls were never invited to spend the night and,
 rather, they asked the girls to leave after discovering them in the liquor
 cabinet.  Claiming that Victim retorted "I'll get you for this," it
 is Watkins's position that Victim fabricated the allegations in an effort to
 retaliate against him and avoid trouble for drinking.  
The intial trial of this matter ended in a mistrial when the jury failed to reach a
 unanimous verdict.  The second trial took place March 12-16, 2007.  
In limine, Watkins moved the court to
 suppress a photograph depicting Victim and Friend in bikinis taken two months
 prior to the night of the incident.  Watkins also sought to introduce what he
 deemed impeachment evidence that Victim's brother had been convicted in Florida
 of sexual misconduct with a minor.  Victim's testimony was proffered and she
 stated that she was aware of her brother's conviction and that this equipped
 her with knowledge of the power and consequence of the accusations.  The trial
 court ruled, in limine, that the photo and the evidence about the conviction
 were irrelevant and prohibited reference to either in opening arguments. 
During the course of Victim's testimony,
 while the State was attempting to lay the foundation for the photograph,
 Watkins objected on the basis that the photo was irrelevant.  The court found
 that the portion of the photo depicting Victim had nothing to do with this
 case.  Then the court reasoned that the portion depicting Friend may establish
 some fact in the case which would perhaps make it relevant.  However, the court
 found that evidence had yet to establish the relevance of the portion of the
 picture depicting Friend and therefore ruled the portion depicting Friend could
 not be introduced through Victim.  
Later, during the direct examination of
 Friend, the State again sought to introduce the picture.  Watkins objected, both
 on the relevancy of the photo and arguing it was not probative of anything. 
 The court again sustained the objection as to the portion of the photo
 depicting Victim; however, it overruled the objection as to the portion
 depicting Friend.  The trial court found that because the photo depicted the
 actual bikini Friend wore on the night of the incident and there was evidence
 that the bikini top was left at Watkins's home, the photo may be determinative
 of some fact.  The photo was cut in two, and the portion depicting Friend was
 admitted into evidence. 
Finally, during the State's cross-examination
 of Wife, she testified that Victim generally wore "two-piece" bathing
 suits, and the State apparently showed her the portion of the photo depicting
 Victim in her bikini. Watkins objected, and the trial court held a bench
 conference off the record.  When the proceedings resumed on the record, the photo
 was introduced into evidence, with the trial court noting Watkins's objection.  The basis for
 the objection is not on the record.  At the end of Wife's testimony, when the
 trial court asked if Watkins had anything he wished to put in the record, he
 responded in the negative.  
Watkins
 was convicted and this appeal follows.
ISSUES ON APPEAL

 
 
 I.
 Did
 the trial court err in admitting the photo of the two thirteen (13) year old
 girls?
 
 
 
 II.
 Did
 the trial court err in refusing to allow Watkins to introduce evidence that
 Victim's brother had previously been convicted in Florida of sexual misconduct
 with a minor?
 
 

STANDARD OF
 REVIEW
In criminal cases, the appellate court
 sits to review errors of law only.  State v. Baccus, 367 S.C. 41, 48,
 625 S.E.2d 216, 220 (2006).  Thus, an appellate court is bound by the
 trial courts factual findings unless they are clearly erroneous.  Id. 
 The admission of evidence is in the sound discretion of the trial court, and
 its decision will not be disturbed absent an abuse of discretion.  State v.
 Pagan, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006); State v. Gaster,
 340 S.C. 545, 557, 564 S.E.2d 87, 93 (2002).
LAW/ANALYSIS
I.
Watkins first
 alleges that the trial court committed reversible error by admitting the
 picture of Victim and Friend.  We disagree.
Relevant evidence, is evidence
 "having any tendency to make[] the existence of any fact that is of
 consequence to the determination of the action more or less probable than it
 would be without the evidence."  Rule 401, SCRE; State v. Alexander,
 303 S.C. 377, 380, 401 S.E.2d 146, 148 (1991).  However, not all relevant
 evidence is admissible.  See Rule 403, SCRE (stating that "relevant
 evidence may be excluded if its probative value is substantially outweighed by
 the danger of unfair prejudice, confusion of the issues, or misleading the jury"). 
 In order to reverse the trial court's admission of evidence we must find (1) an
 abuse of discretion on the part of the trial judge; and (2) likely prejudice. State
 v. Wise, 359 S.C. 14, 21, 596 S.E.2d 475, 478 (2004).    
Generally, a photo may be relevant if it
 corroborates testimony of a witness. See State v. Weik, 356 S.C.
 76, 84, 587 S.E.2d 683, 687 (2002) (finding photos depicting the location and
 severity of shotgun wounds relevant as illustrative of testimony received as to
 the same); State v. Martucci, 380 S.C. 232, 250, 669, S.E.2d 598, 608
 (Ct. App. 2008) (finding photos to be relevant in a prosecution for child abuse
 because the photos corroborated the testimony of a doctor as to severity of the
 child's injuries based on discolorations, bruising, and internal trauma). 
 However, although relevant to corroborate testimony, as a matter of course, the
 photos must depict that which was testified to, as well as be demonstrative of
 a fact of consequence.  See also Rule 401, SCRE (establishing that relevant
 evidence, is evidence "having any tendency to make[] the existence of any
 fact that is of consequence . . . more or less probable").   
a.  Photo of Friend
The trial court based its finding of
 relevance as to the photo of Friend on the fact that Friend testified to having
 worn that particular flower print bikini on the night of the incident, and
 after changing and falling asleep at Watkins's home, she apparently left the
 bikini top there and never returned to retrieve it.  The trial court seemed to
 accept the State's argument that the photo was relevant as corroborating
 Friend's account that the bikini top was in fact left at Watkins's home, thussomehowmaking
 it more probable that the girls spent the night at Watkins's home, rather than
 having been asked to leave as the Watkins contends.  
Here, the photo of Friend corroborates
 her testimony only as to the fact that she owned a flower print bikini.  The
 photo however, in no way makes it more or less probable that Friend left her
 bikini top at Watkins's house or spent the night there.  Nor can it logically
 be deemed to corroborate her testimony as to the same.  
Moreover, the picture, which was taken
 some two months prior, does not actually support Friend's testimony that she
 donned that particular bikini that night.  While the photo, in the loosest
 sense, corroborates her testimony as to what she looked like on that particular
 night, no facts were developed in this case to demonstrate it was of any
 consequence what particular bikini she wore on that night or how she appeared
 in it. See Rule 401 (defining relevant evidence as evidence having any
 tendency to make[] the existence of any fact that is of consequence to the
 determination of the action more or less probable than it would be without the
 evidence).  Accordingly, because the photo did not corroborate Friend's
 testimony, and was not probative of any fact of consequence in the case, it
 should not have been admitted over Watkins's objection.  
b.  Photo of Victim
Similarly, we agree with Watkins that
 the portion of the photo depicting Victim was also irrelevant.  
During the course of cross-examining Wife,
 the State presented the photo to her in what it deems an effort to refresh her
 memory.  Watkins objected, at which time a conference was held off the record. 
 When the record resumes, the photo is immediately entered into evidence
 "over [Watkins's] objection."  Watkins put nothing further in the
 record.
Reviewing the record as a whole, it
 would seem the objection was again based on relevance.  Although the court made
 no specific statement as to the relevance of the photo on this occasion, it
 apparently found something had changed to make the photo relevant.  However, as
 we stated, to whatever extent this photo was deemed relevant it was error.  It
 did not make any fact of consequence more or less probable, nor did it serve to
 corroborate or depict any testimony.  While the State seems to suggest that the
 photo was admissible because it used the photo to refresh Wife's memory, this
 argument is unsupported by law. See Rule 612, SCRE (stating that a
 writing used to refresh memory may be introduced into evidence by an adverse party in the trial court's discretion, as necessary to serve the interest of
 justice) (emphasis added).
c.  Prejudice
Notwithstanding the irrelevance of the
 photo[4] depicting
 Victim and Friend, this Court will not reverse a trial court's admission of
 evidence absent a prejudicial abuse of discretion. State v. Douglas, 367
 S.C. 498, 508, 629 S.E.2d 59, 64 (Ct. App. 2006) (stating that in order to
 warrant reversal of the trial court based on admission of evidence, there must
 be both an abuse of discretion as well as a demonstration of prejudice).  In
 order to show prejudice, the court must find there was a reasonable probability
 that the jury's verdict was influenced by the evidence. Fields v. Reg'l Med.
 Ctr. Orangeburg, 363 S.C. 19, 26, 609 S.E.2d 506, 509 (2005); Douglas,
 367 S.C. at 508, 629 S.E.2d at 64.  As it pertains more specifically to
 photographs, to amount to unfair prejudice, the photographs must create an
 "undue tendency to suggest a decision on an improper basis."  State
 v. Jackson, 364 S.C. 329, 334, 613 S.E.2d, 374, 376 (2005) (citing State
 v. Alexander, 303 S.C. 377, 382, 401 S.E.2d 146, 149 (1991)) (internal
 quotations omitted).
In this case, Watkins has not
 demonstrated how he was prejudiced by the photograph, nor do we find it manifestly
 prejudicial.  The challenged photo is that of two teen-aged girls in bathing
 suits, leaning against a wall.  It is an admittedly accurate depiction of how
 the girls often appeared that summer.  Although notably bearing little
 relevance to the particular issues of this case, it is not the type of photo to
 inflame the passions of the jury.  It is mundane and platonic; the girls are
 not posed provocatively or suggestively.  It would not seem reasonable to
 conclude that this picture influenced the decision of the jury.  Accordingly,
 although irrelevant, the trial court's admission of the photograph does not
 amount to a prejudicial abuse of discretion and we therefore do not find
 reversible error.
II.
Next Watkins argues that it was error to
 deny the admission of evidence that Victim's brother had been convicted in
 Florida of sexual misconduct with a minor.  We disagree.
Watkins argues the evidence was relevant
 impeachment evidence as it tended to show Victim's special knowledge of the
 "stigma" and "power" of the allegations and thus was
 demonstrative of her motive to manufacture these allegations.  Watkins argues
 that the evidence was specifically admissible under Rule 608(c), SCRE, and the
 trial court therefore erred in analyzing the admissibility of the evidence
 under Rule 403, SCRE.  
Initially we note that the trial court
 found the evidence of the conviction "neither . . . relevant or probative
 of anything."  The record does not indicate that the trial court excluded
 the evidence under Rule 403, but rather simply found it irrelevant pursuant to
 Rule 401.  Further, Watkins seems to tangle two different arguments by seeking
 to admit the conviction as impeachment evidence.  While Rule 608(c) does permit
 evidence of bias, prejudice, or any motive to misrepresent, to impeach a
 witness, Watkins's argument that Victim's knowledge of her brother's conviction
 demonstrates motive is unfounded.  Rather, if there were any motive, that
 motive would be the alleged personal vendetta.  Although the brother's conviction
 may have demonstrated knowledge of this type of accusation, the fact that her
 brother was convicted of sexual misconduct is not the driving force for making
 the allegations.  
During the proffer of Victim's testimony
 she admitted knowledge of her brother's conviction as well as knowledge of the
 power and stigma of the accusations; thus, evidence or inquiry of the
 conviction was not necessary to impeach her.  Accordingly, as the conviction
 was not permissible impeachment evidence it was within the trial court's
 discretion to determine the relevance of the evidence, and we find no error in
 the trial court finding the conviction to be irrelevant.  Moreover, we note
 that the trial court's decision to exclude evidence of the conviction did not
 prevent Watkins from inquiring whether the Victim was aware of the nature and
 power of her accusations.  As such, the trial court did not err in excluding
 evidence of the brother's conviction or inquiry thereon.    
CONCLUSION
Because
 the trial court's admission of the photo did not amount to prejudicial error
 and Watkins was not deprived of the opportunity to inquire whether Victim appreciated
 the power and stigma of her accusations, the ruling of the trial court is 
AFFIRMED. 
SHORT, THOMAS and GEATHERS JJ., concur.  

[1]  We
 decide this case without oral argument pursuant to Rule 215, SCACR. 
[2]  Fireball is a
 cinnamon flavored, sixty-six proof liqueur.  
[3]  Watkins
 is not Victim's actual uncle, but due to their families' close friendship she
 called Watkins and his wife "Uncle" and "Aunt"
 respectively.  
[4]  Although
 the trial court admitted the two portions of the original photograph as two
 separate photos, for ease of discussion we now address the two photographs
 collectively, in its original state, as a single photograph depicting both
 Victim and Friend.